The Chief Justice
delivered the opinion.
On the 23d of February, I8¡6, Bowling and Ewing entered into a covenant of that date, whereby it was agreed that said Ewing rented of Bowling the place whereon said Ewing then lived, for and during the term of one year next ensuing the date of the covenan-, for and in consideration of one pound ten shillings, to be paid by Ewing at the expiration of the year, and said Ewing agreed to give peaceable possession of said place to said Bowling at the expiration of one year from the date of said covenant, and on failure thereof, to pay to said Bowling one thousand dollars in damages.
On this covenant Bowling brought this action alledging fbr breaches of the covenant, on the part of Ewing, that he had failed to pay the one pound ten shillings, ai d had not, at the expiration of the year, delivered to Bowling the possession of the demised premises, nor paid the thousand dollars in damages.
Ewing pleaded covenants performed, on which issue was joined. He at the same time tiled a second plea Which is not contained in the record, but which the re *617 cord states was held bad on demurrer. He then offered, as an amendment or substitute to the plea so held bad, another plea alledging a tender of the delivery of possession of the demised premises, at the expiration of the term, purporting to be an answer to the seeond plea iu the declaration, and asked leave to file it, but the court refused to permit, him to do so and he excepted.
By the consent of the parties the cause was then removed from the Bath circuit court, wherethe suit was brought, to the Fleming circuit court, where it was continued for several terms, and when it was called for trial, Ewing offered to plead several pleas of tender of the delivery of possession, and asked leave to file them, but the court refused leave and he again excepted.
A jury was then sworn to try the issue joined on the plea of covenant performed, but not beiog. able to agree, they were discharged, and at a subsequent term of the court Ewiñg again offered two other pleas, in which he alledged the payment of the rent before the expiration of the term, and that on the premises, and at the cabin in which be leased, be was, on the 28d of February, lbi7 at the end of the year for which he rented, ready to deliver the possession of the said premises to the said plaintiff and offered and tendered to do so, and remained at the said cabin, on the said premises, ready and willing to deliver the same to said plaintiff, from the rising to the setting of the sun, and hks ever since been ready and willing to deliver the same, but that the plaintiff did not attend to receive the same, nor did any person, authorized to receive the same, attend for him. In support of the leave which he asked to file these pleas, Ewing produced an affidavit certifying the facts ailedged, and on condition of his releasing all preceding errors, the court permitted the pleas to be filed, to which Bowling excepted.
The pleas then being filed, Bowling demurred to them, and on toe demurrer the court held the pleas sufficient and gave judgment against Bowling, from which he has appealed to this court.
The assignment of error, questions, first, the sufficiency of the pleas, and second, the propriety of permitting them to be filed.
With respect to the sufficiency of the pleas there caq be " ' r om to doubt. There is no objection taken to their .⅛ and they contain, substantially, a good answer to *618 the several breaches of the covenant alledged in tbe decía» rat‘on- The only objection relied on in the argument, is, that instead of averring a tender of the possession of the premises, and the absence of Bowling, the pleas should ka?e a^e^Se<^ that Ewing, at the expiration of the terra, had quit or ahandoned the possession,
A tenant cs-deliver the*** possession at theendofthe notin,aband1'1 thepossessi’n but should hold ’til the mandTit ⅛
It ⅛ not a strict ri°lt to file tional pieas "⅜⅞ but the filing or rejecting’ them is in the ⅛⅞⅛* C court.
But Ewing being bound, by his covenant, to deliver the P0ssess'on to-Bowling, an abandonment of the possession, whereby strangers might have intruded, would not have been a performance of his covenant either according to its letter or spirit.
w‘tb respect to the propriety of permitting the pleas to be tiled, there is still less room to doubt. It was not, indeed, at the late stage of the cause, when the pleas were a matter of strict right to file them. But, on the hand, there was certainly no imperative rule of law forbidding the conrt to permit it tp be done. It was a matter in the sound discretion of the court, and as Ewing had evinced a disposition to avail himself of the same de-fence from the first attempt to plead, and as the pleas were not only sufficient, but contained a meritorious de-fence., and verified by tbe affidavit of the party, so far are we from thinking that the court abused its discretion in permitting tbe pleas to be filed, that we have no hesitation in saying that it was a most commendable exercise of that discretion.
The judgment must be affirmed, with costs.